

FILED
CLERK, U.S. DISTRICT COURT

JAN 29 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN BERNARD AGUILAR,<br><br>Defendant. | Case No. CR 24-265-ODW<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On January 29, 2025, Defendant Alan Bernard Aguilar made his initial appearance on the petition for revocation of supervised release and warrant for arrest issued on July 15, 2024. Deputy Federal Public Defender Annick Jordan was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Christina Lopez. Defendant submitted on recommendation of detention in the report prepared by Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ the petition alleges that Defendant failed to report for drug testing as instructed on two occasions, used amphetamines on several dates in April, May and June, 2024, failed to report for out patient drug treatment in June 2024, associated with a felon, and failed to report to his probation officer on July 3, 2024, after which his whereabouts were unknown.

☒ poor history of compliance while on supervised release, including previous failures to report for testing and amphetamine use.

B.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition (see above);
> ☒ criminal history, including conviction for assault with a deadly weapon in 2020.

## III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: January 29, 2025

                                        /s/
                            ALKA SAGAR
          UNITED STATES MAGISTRATE JUDGE